## C. GLAPION *v.* G. AND J. G. MONTAMAT.

Where A. gives his note, and before its maturity deposits with the holder, the note of a third person as collateral, with agreement to renew first note when due. *Held:*

1st. In the absence of stipulation as to time of payment of renewal note, defendant must prove the time fixed.

2d. Defendant must tender the renewal note, though the holder has previously declared he will not receive it.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Robert Preaux,* for plaintiffs. Cited: C. C. 2044-5-8; C. P. 404.

*L. Castera,* for defendant and appellant. Cited: C. C. 1907; 3 L. 382; 14 ib. 34; 4 R. 161; 2 An. 306; 4 L. 40.

BUCHANAN, J. The defendants are sued on a promissory note, dated 27th December, 1854, payable four months after date, and protested at maturity for non-payment. The signatures of defendants as drawer and endorser, and the service of notice of protest, are admitted.

Defendants plead that it was agreed between the parties, that the note sued upon, should be renewed for a longer time, so as to correspond with the maturity of another note, which was deposited with plaintiff as collateral security for the payment of the note sued on; that plaintiff refused to renew the note, and had brought this suit, in violation of his agreement. The answer concludes by praying that the suit be dismissed, as premature.

In support of this defence, the defendants have given in evidence a document of the following tenor:

" Je reconnais avoir reçu de Mr. *Montamat,* un billet de cinq cents quarante sept piastres 68-100, daté le 9 Octobre, 1854, payable dans quatorze mois, et souscrit par *P. A. Bertrand,* à son propre ordre et endossé par lui, lequel billet m'a été remis par ledit sieur *G. Montamat* en garantie de son billet de cinq cents piastres endossé par son fils *J. G. Montamat* en date du 27 Décembre, 1854, à quatre mois de terme. Bien entendu, que je ne pourrai en aucune manière disposer du premier billet, et que je le lui remettrai aussitôt que son billet de $500 sera payé à l'échéance, à ·moins que je ne le renouvelle pour un terme plus long, comme il a été convenu de le faire. Nouvelle Orléans, le 27 Déc. 1854.                                        C. GLAPION."

The document indicates that there was an agreement between the parties for a renewal of the note sued on; but does not explain for how long a term, nor

<em>GLAPION<br>v.<br>MONTAMAT.</em>

on what conditions it was to have been renewed. The answer avers that the agreement was to renew for a time corresponding with the maturity of *Bertrand's* note, deposited as collateral, " as it will be fully proven on the trial of this case." But no proof was offered in support of this averment. As defendants have pleaded an agreement in discharge or modification of their contract sued upon, it was incumbent upon them to prove the terms of the agreement, as alleged. Not having done so, their defence fails. Besides, as was properly held by the District Judge, even had the agreement alleged, been proved, the defendants would not have been entitled to an extension of time, without tendering another note according to the terms of the agreement. It is true, the plaintiff, on the day of the maturity of this note, announced his determination not to accept a renewal. But the legal effect of such refusal on his part, was not to absolve the defendants from their obligation to give a new note (on the supposition of the agreement being as alledged by them); but the option was left to them, either of depositing such note at the risk of plaintiff, or of tendering it in court, when sued by plaintiff. See C. P. 412. The defendants not having done either, are not entitled to relief at our hands.

Judgment affirmed, with costs.

MERRICK, C. J. Aside from the question whether parol proof would be admissible to show the length of time intended for the renewal of the note referred to in the contract of 27th Dec. 1854, I think a fair construction of the contract and note together, would, without other proof, entitle the defendants to the right of renewal for four months.

The letter of the plaintiff may be construed as one stating his necessities, rather than a positive refusal to renew the note. As the defendant had received the plaintiff's money, which he was bound to restore at the expiration of the delay agreed upon, or to deliver another note in renewal, I am inclined to think the defendant was not relieved by the letter under the circumstances of this case, from a tender, of a new note in renewal of the old one. His neglect to comply with the contract, on his part, may be taken as an acquiescence in the reasonableness of plaintiff's wish not to extend the time.

On this ground only, I concur in the judgment pronounced in this case.

SPOFFORD, J. I concur in this view of the case.